1  Yvette D. Roland (SBN 120311)
   DUANE MORRIS LLP
2  Suite 3100
   865 South Figueroa Street
3  Los Angeles, CA 90017-5450
   T: 213-689-7416
4  F: 213-689-7401
   Email: YDRoland@duanemorris.com
5
   Lawrence H. Pockers (Pro Hac Vice)
6  DUANE MORRIS LLP
   30 South 17th Street
7  Philadelphia, PA 19103
   T: 215-979-11153/7352
8  F: 215-979-1020
   Email:   lhpockers@duanemorris.com
9           sburke@duanemorris.com

10 Attorneys for Plaintiff
   IKON OFFICE SOLUTIONS, INC.
11

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 1 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IKON OFFICE SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BRAD KOLACINSKI, ROBERT TAI HORNBECK, and MYRIAD LITIGATION SOLUTIONS, LLC,<br><br>Defendants. | Case No.: CV11-01382 JAK (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**<br><br>The Honorable John A. Kronstadt |

WHEREAS, the parties will be requesting or producing certain materials in the course of discovery that constitute or contain confidential, proprietary and/or trade secret information having substantial economic value to the producing party or containing personal or private matters (hereinafter "CONFIDENTIAL INFORMATION");

1   WHEREAS, the parties are willing to enter into a Stipulated Protective Order as
2   a condition to the disclosure of such information and/or the inspection of documents
3   containing CONFIDENTIAL INFORMATION;
4   WHEREAS, for purposes of this Stipulated Protective Order, the parties agree
5   that they are engaged in the business of providing litigation support services,
6   electronic discovery and document production services, and scanning, copying, and
7   coding services, to law firms, non-government entities, and governmental entities
8   (hereinafter "the TRADE OR INDUSTRY") and that IKON is also engaged in other
9   business in which Myriad is not engaged in;
10  WHEREAS, the parties agree that an Order containing the terms set forth herein
11  may be entered by the Court without further notice in order to safeguard the
12  confidentiality of certain information and documents while allowing the opportunity
13  for reasonable discovery; and
14  WHEREAS, through their counsel, the parties agree that they will abide by the
15  terms of this Stipulated Protective Order during the period prior to the Court's
16  execution of its Order, whenever that may be;
17  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS
18  FOLLOWS:
19  1.      This Stipulated Protective Order is intended to facilitate exchange of
20  records and information in discovery.
21  2.      As used herein, "PRODUCING PARTY" shall refer to any party, person,
22  or entity producing information, documents, discovery responses, or testimony in
23  connection with this litigation, including third parties responding to subpoena.
24  3.      Any PRODUCING PARTY may designate CONFIDENTIAL
25  INFORMATION by marking, stamping, or otherwise designating such
26  CONFIDENTIAL INFORMATION as "CONFIDENTIAL". CONFIDENTIAL
27  INFORMATION may include, without limitation, answers to interrogatories,
28  responses to other discovery requests, deposition transcripts, or applicable portions

thereto, communications between counsel, and any other documents, information, items, or materials or applicable portions thereof. Without prejudice to any parties' ability to designate, or challenge the designation of, material as CONFIDENTIAL, information, documents, or materials which are available to the general public or which are matters of general knowledge in the TRADE OR INDUSTRY, or generally known to those with specialized knowledge or skill within the TRADE OR INDUSTRY outside of IKON, may not be designated as CONFIDENTIAL unless the PRODUCING PARTY has some independent legal basis upon which to do so. Any information, document, material, or item, or portion thereof, designated as CONFIDENTIAL shall be subject to the following restrictions of this Stipulated Protective Order. The party making the designation is certifying that there is a good faith basis in law and fact for the designation.

The parties acknowledge that the merits of this litigation concern whether certain information qualifies as trade secrets under California law and/or confidential as defined by agreements between the parties. A party's designation of, or failure to designate, a document or testimony as CONFIDENTIAL or ATTORNEYS EYES ONLY pursuant to the terms of this Order, and/or an opposing party's opposition to such designation or decision not to oppose such designation, cannot be used by any party as evidence of whether the document or testimony actually contains or concerns information which is confidential or trade secret. Such a designation is solely intended to protect the information or testimony at issue during the time that the underlying dispute is pending. The parties dispute whether the documents produced by Defendants, and the deposition testimony given by Messrs. Adams, Kolacinski and Hornbeck, during expedited discovery in this case may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY pursuant to the terms of this Order, and that issue shall be decided by the Court if and when it is brought to the Court to be decided.

4. If documents are produced for inspection, a PRODUCING PARTY must, in advance of the inspection, prominently mark as "CONFIDENTIAL" all documents it intends to be treated as CONFIDENTIAL INFORMATION.

5. Any person who attends a deposition during which CONFIDENTIAL INFORMATION is disclosed, shall be informed of and agree to be bound by the terms of this Order. This provision shall apply retroactively to the depositions which already took place in this matter.

6. Counsel for either party may, within twenty days from the date the deposition is taken, designate as "CONFIDENTIAL" any portion of the deposition transcript which concerns CONFIDENTIAL INFORMATION.

7. Except as otherwise explicitly provided herein, disclosure of and/or access to any CONFIDENTIAL INFORMATION shall be limited solely to the following persons:

(a) counsel (including in-house counsel) for the parties and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

(b) the plaintiff, the defendants, and any officers, directors, agents, insurers, or employees of a party or related entity who have a need for such disclosure in order to conduct this litigation;

(c) any expert or consultant retained by any party for the conduct of this litigation or a third-party mediator jointly chosen by the parties or appointed by the Court;

(d) any other prospective or actual deponent or trial witness, whether or not he or she has previously seen such CONFIDENTIAL INFORMATION before this lawsuit commenced, who has a need to see such CONFIDENTIAL INFORMATION in order to testify or to prepare for giving testimony;

(e) other person(s) by agreement of the parties; and

(f) the Court, authorized Court personnel, and court reporters.

Before disclosing CONFIDENTIAL INFORMATION to any person in categories (c), (d), and (e) above, each such person shall state under oath in a written document in the form of Exhibit A (attached) that he or she is fully familiar with and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court for purposes of enforcing this order. Counsel shall maintain a file of the originals of each signed Exhibit A. Upon request, counsel will provide opposing counsel with a copy of any or all such executed documents.

8. It is anticipated that, during the course of the above-captioned matter, the parties may be required to produce CONFIDENTIAL INFORMATION that a PRODUCING PARTY contends places that party at a commercially competitive disadvantage. To protect such highly confidential material, by limiting access to the same, a PRODUCING PARTY may designate such CONFIDENTIAL INFORMATION as "ATTORNEYS' EYES ONLY." Any information, documents, depositions or other materials designated as "ATTORNEYS' EYES ONLY" shall be treated as CONFIDENTIAL INFORMATION in all respects, except that disclosure of or access to materials designated as "ATTORNEYS' EYES ONLY" shall be limited to the persons identified in Sections 7(a), 7(c), 7(e) and 7(f).

9. CONFIDENTIAL INFORMATION shall not be used for any purpose other than the conduct of this lawsuit and shall not be disclosed in any way to any other person except as permitted by this Order, nor shall such CONFIDENTIAL INFORMATION or their contents be publicized in any manner.

10. If a dispute arises as to the designation of materials as CONFIDENTIAL or as ATTORNEYS' EYES ONLY, the parties shall attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, either party may bring the dispute before the Court for a determination. While the dispute is pending, all materials subject to such a dispute shall be treated as CONFIDENTIAL or as ATTORNEYS' EYES ONLY as the materials were designated by the PRODUCING

PARTY. Any opposition to the designation of materials as CONFIDENTIAL shall be made in good faith.

11. In the event that counsel for a party receiving information, documents, depositions, and/or other discovery material that has been designated as "ATTORNEYS' EYES ONLY" believes that it is necessary for purposes of litigating the case to disclose such information, documents, depositions, and/or other discovery material to persons not permitted to view such material pursuant to the terms of this Order, the parties agree to work together in good faith to attempt to come up with a way to balance the desire of the PRODUCING PARTY to maintain the strict confidentiality of the CONFIDENTIAL INFORMATION, documents, depositions, and/or other discovery material with the need of the receiving party to be able to effectively litigate the case. In the event that the parties are unable to reach such an agreement, however, the parties will seek the Court's guidance. No RECEIVING PARTY may disclose the CONFIDENTIAL INFORMATION prior to an Order of the Court permitting same.

12. The inadvertent production of any confidential, private, or proprietary information, document, or material without designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a waiver of the rights of a party subsequently to designate such materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY or to otherwise assert confidentiality with respect to any document, material, or information. Any information, document, or material designated as CONFIDENTIAL shall be treated as if it had been so designated as when it was first produced or made available and shall be subject to the terms of this Protective Order from such date. If a party produces multiple copies of information, documents, or materials and one copy has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, all copies shall be treated as such. Neither the provisions of this Protective Order, nor any designation or failure to designate any particular information, document, or material by party as CONFIDENTIAL or ATTORNEYS'

EYES ONLY shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

13. The inadvertent production of any privileged and/or work product information, document, or materials shall not constitute a waiver of the privilege or work product protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is privileged and/or work product, the party to whom the document, materials, or information has been produced shall return the document, materials, or information promptly and not retain any copies, summaries, or other abstracts. The party to whom the privileged or protected materials were produced may file a motion to challenge the claim of privilege or work product protection and to compel production of the document, materials, or information.

14. For any filings with the Court in which a party submits CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designated information, all documents containing CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designated information that are submitted to the Court shall be filed with the Court under seal, upon prior application and approval by the Court, or filed with sufficient redaction of the confidential and/or trade secret material.

15. Prior to any evidentiary hearing and/or trial, the parties agree to raise with the Court the issue of how information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be handled at the evidentiary hearing and/or trial.

16. This Stipulated Protective Order and the handling of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designated information may be the subject of further orders of the Court and nothing herein shall preclude any party from applying to the Court for a modification of this Stipulated Protective Order.

18. The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation. Within ninety (90) days of settlement or final determination of this litigation, all information designated as

CONFIDENTIAL and/or ATTORNEYS' EYES ONLY and all available copies, summaries, compilations, abstracts, or portions of any other document or material setting forth the contents of any information designated as CONFIDENTIAL and/or ATTORNEY EYES' ONLY shall be returned or destroyed, and if destroyed a certification of such destruction shall be provided by the destroying party to the PRODUCING PARTY. This Order shall continue to be binding on all persons subject to the terms of this Order until further order of this Court.

19. Nothing in this Stipulated Protective Order precludes a PRODUCING PARTY from using as that party sees fit any document, materials, or information it has in its own prior possession and designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

20. In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved party may seek any remedy permitted by law, including but not limited to contempt, damages, and injunctive relief.

21. This Court shall retain jurisdiction over persons subject to this Order for the purpose of enforcing this Order ~~and will have continuing jurisdiction to enforce this Order irrespective of the manner in which this action is terminated.~~

IT IS SO STIPULATED:

Respectfully Submitted,

**PLAINTIFF IKON OFFICE SOLUTIONS, INC.**

Date: June 30, 2011    By: /s/ Yvette D. Roland
                             Yvette D. Roland

**DEFENDANTS JOHN BRAD KOLACINSKI, ROBERT TAI HORNBECK AND MYRIAD LITIGATION SOLUTIONS, LLC**

By: /s/ Stephen K. Lubega
       Stephen K. Lubega

IT IS SO ORDERED.
DATED: July 11, 2011
Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# AGREEMENT TO BE BOUND BY A PROTECTIVE ORDER

The undersigned hereby acknowledges and declares, subject to the penalty of perjury, that he or she has received a copy of the Stipulated Protective Order in the action *IKON Office Solutions, Inc. v. Kolacinski, et al.* (Civ. Action No. 11-CV-01382-SJO), has read such Stipulated Protective Order, agrees to be bound by all of the terms thereof, and further agrees that the United States District Court for the Central District of California or such other court, if any, to which this case may subsequently be transferred, may exercise jurisdiction over him/her to enforce such Stipulated Protective Order, as necessary.


By: _____
Printed name: _____
Dated: _____

DM1\2712844.1                            1